UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JEROME WINFIELD, CDCR #C-11332, | Case No.:  23-CV-783 JLS (BGS) |
| Plaintiff, | **ORDER: (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, AND (2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND FEDERAL RULE OF CIVIL PROCEDURE 4(c)(3)** |
| v. | |
| CORRECTIONAL OFFICERS SIGALA, GONZALEZ, PULIDO, and NAVARRO, | |
| Defendants. | |
| | (ECF Nos. 1& 2) |

Plaintiff Michael Jerome Winfield ("Plaintiff"), a state prisoner proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  *See* ECF No. 1 ("Compl."). Plaintiff claims that while housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, Defendants RJD Correctional Officers Sigala, Gonzalez, Pulido, and Navarro (collectively, "Defendants") assaulted him in retaliation for filing inmate grievances.  *See id*. at 8–10.  Plaintiff has not paid the civil filing fee but has instead filed a Motion to Proceed *in Forma Pauperis* ("IFP").  *See* ECF No. 2 ("IFP Mot.").

## MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) (noting that "28 U.S.C. § 1915(a) allows the district court to waive the fee, for most individuals unable to afford it, by granting IFP status").

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *see Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance of the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. §§ 1915(b)(1) & (4).  The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).  The plaintiff remains obligated to pay the entire fee in monthly installments regardless of whether the action is ultimately dismissed.  *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his IFP Motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report, which indicates that during the six months prior to filing suit Plaintiff had an average monthly

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

balance of $41.79, average monthly deposits of $40.44, and an available balance of $0.08 in his account at the time he filed suit.  ECF No. 3 at 1.  The Court **GRANTS** Plaintiff's Motion to Proceed IFP and declines to impose an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because the prison certificate indicates Plaintiff may have no means to pay it.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").  Plaintiff, however, remains obligated to pay the entire fee in monthly installments.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)

### I.    Standard of Review

Because Plaintiff is a prisoner proceeding IFP, the Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  The Court must dismiss *sua sponte* a prisoner's IFP complaint, or any portion of it, which is frivolous, is malicious, fails to state a claim, or seeks damages from immune defendants.  *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## II.   Allegations in the Complaint

Plaintiff alleges that on April 24, 2019, he was not released from his cell for dinner with the other inmates as usual.  Compl. at 8.  After everyone had left for dinner, Defendant RJD Correctional Officer Navarro released Plaintiff into the dayroom, where he was the only prisoner. *Id.* at 8–9.  To exit the building, Plaintiff was required to pass through a gate from the dayroom into a sally port and then out through another gate. *Id.* at 9.  As he passed through the gate into the sally port from the dayroom, Defendants RJD Correctional Officers Sigala, Gonzalez, and Pulido quickly entered the sally port from the other side and rushed toward Plaintiff. *Id.*  Sigala said, "I'm gonna kick your ass." *Id.*

Navarro had closed the gate leading back into the dayroom and Plaintiff was trapped inside the sally port. *Id.*  Plaintiff told the officers, "I'm not gonna fight you," and Sigala repeated, "I'm gonna kick your ass." *Id.*  Gonzalez and Pulido kicked Plaintiff in the chest until he fell to the ground. *Id.*  While seated on the ground with his back against the door, Plaintiff was repeatedly hit in the face by Sigala "about 50 times," while "Gonzalez was stomping and kicking [him] in [his] chest, legs, and [his] left arm." *Id.*  The attack lasted two minutes, during which Plaintiff thought Defendants were going to kill him. *Id.* Plaintiff saw Navarro filming the attack with a cell phone through the sally port window. *Id.*  Plaintiff's left arm and jaw were broken, his clothes were covered in blood, he had a large cut to his tongue, and he had large bruises and cuts on his head and chest. *Id.*

Plaintiff states that Defendants never activated their personal alarms, that he was never charged with a disciplinary infraction nor placed in administrative segregation or in a holding cage, and that he does not believe Defendants ever reported the incident or their use of force, as is typical during altercations with prisoners. *Id*. at 10. Plaintiff states that he is "not certain but I think I may have been attacked because I sometimes file 602 grievances about officers." *Id*. He thinks the attack "was in retaliation for a 602 I filed against Officer Ramirez for stealing my property . . . because earlier that day out on the yard, Officer Ramirez told me 'They're gonna kick your ass.'" *Id*. at 10–11. Plaintiff was refused medical attention immediately after the assault and told, "You shouldn't have been talking shit," and "nothing happened, so you don't need medical care." *Id*. at 11. He was offered medical care about three and one-half hours later but declined because he thought he might be attacked again. *Id*. He was taken to the infirmary about eight hours after the attack where he was diagnosed with a fractured arm and jaw. *Id*. at 12. His arm is still causing him pain and he was told it did not heal properly and may require surgery to rebreak the bone and insert a plate and pins, and he states that his mental health has suffered. *Id*.

## III.    Discussion

The Cruel and Unusual Punishments Clause of the Eighth Amendment forbids prison officials from "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). Factors relevant to this inquiry include: "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id*. at 7 (quoting *Whitley*, 475 U.S. at 1085). The sadistic and malicious use of force to cause harm violates the Eighth Amendment regardless of "whether or not significant injury is evident." *Id*. at 9–10.

Plaintiff has plausibly alleged that the Defendants viciously assaulted him for no apparent reason other than possibly in retaliation for filing grievances, and that he was injured as a result. Plaintiff's allegations are sufficient to survive the "low threshold" of the screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with respect to an Eighth Amendment claim against Defendants Sigala, Gonzalez, Navarro, and Pulido. *Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678.

Plaintiff's allegations that earlier on the day of the attack he was told by an officer who Plaintiff had filed a grievance against that he was going to be attacked, and was told after the attack he "shouldn't have been talking shit," are also sufficient to survive the "low threshold" of the screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with respect to a First Amendment retaliation claim. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."); *Pratt v. Rowland*, 65 F.3d 808, 808 (9th Cir. 1995) (holding that "timing can properly be considered as circumstantial evidence of retaliatory intent").

Accordingly, Plaintiff is entitled to have the U.S. Marshal effect service of the summons and Complaint against Defendants Sigala, Gonzalez, Navarro and Pulido. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."). Nevertheless, the Court cautions Plaintiff that the *sua sponte* screening process is "cumulative of, not a substitute for, any subsequent [motion to dismiss] that the defendant[s] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

/ / /

### CONCLUSION

In light of the foregoing and good cause appearing, the Court:

(1)     **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 2);

(2)     **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10, pursuant to 28 U.S.C. § 1915(b)(2);

(3)     **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001;

(4)     **DIRECTS** the Clerk of the Court to issue a summons as to Plaintiff's Complaint (ECF No. 1) for Defendants Sigala, Gonzalez, Navarro, and Pulido and forward it to Plaintiff along with a blank U.S. Marshal Form 285 ("USM Form 285") for each Defendant.  The Clerk of the Court will provide Plaintiff with certified copies of the Complaint and summons for use in serving each Defendant.  Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each Defendant may be found and/or subject to service* pursuant to Civil Local Rule 4.1(c), and return the USM Form 285s to the U.S. Marshal according to the instructions the Clerk of the Court provides in the letter accompanying the IFP Package;

(5)     **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants Sigala, Gonzalez, Navarro, and Pulido, as directed by Plaintiff on the USM Form 285s.  Costs of service will be advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

(6)     **ORDERS** Defendants, once served, to reply to Plaintiff's Complaint and any subsequent pleading Plaintiff files in this matter in which Defendants are named as a Party within the time provided by the applicable provisions of Federal Rules of Civil Procedure

23-CV-783 JLS (BGS)

12(a) and 15(a)(3).  *See* 42 U.S.C. § 1997e(g)(2) (indicating that, while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening, Defendants are required to respond); and

(7)  **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants—or, if appearance has been entered by counsel, upon Defendants' counsel—a copy of every further pleading, motion, or other document submitted for the Court's consideration, pursuant to Federal Rule of Civil Procedure 5(b).  Plaintiff must include with every original document sought to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel and the date of that service.  *See* S.D. Cal. CivLR 5.2.  Any document received by the Court that has not been properly filed with the Clerk of the Court or fails to include a Certificate of Service upon Defendants or their counsel may be disregarded.

**IT IS SO ORDERED.**

Dated:  May 8, 2023

Hon. Janis L. Sammartino
United States District Judge