UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. WINFIELD,<br><br>                        Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICERS SIGALA GONZALEZ, PULIDO, and NAVARRO,<br><br>                        Defendants. | Case No.: 23-CV-783 JLS (BGS)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(ECF No. 31) |

Presently before the Court is Plaintiff Michael J. Winfield's Request for Permission to File Motion for Judicial Notice, which, for reasons that will become clear, the Court liberally construes as a Motion for Reconsideration ("Mot. for Recons.," ECF No. 31). As detailed below, the Court **DENIES** Plaintiff's Motion.

## BACKGROUND[1]

On July 15, 2024, Plaintiff filed a Motion to Challenge Settlement Agreement ("Settlement Mot.," ECF No. 22). In said Motion, Plaintiff sought to reopen the above-captioned case by (1) raising a state-law rescission claim as to the settlement agreement that brought this action to a close and/or (2) securing relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). *See generally* Settlement Mot.

---

[1] The Court incorporates by reference the entirety of its July 29, 2024 Order ("Order," ECF No. 26) herein.

1

23-CV-783 JLS (BGS)

Two weeks later, the Court denied the Settlement Motion after concluding Plaintiff could not prevail under either of the above theories. As an initial matter, the Court determined that it lacked subject matter jurisdiction over Plaintiff's rescission claim in light of the principles announced in *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). *See* Order at 4–5. Next, the Court found Plaintiff's Rule-60(b) assertions were both contradicted by the record and, in any event, insufficient to justify relief from judgment. *See id.* at 5–7.

Since his Settlement Motion was denied, Plaintiff has continued his quest to revive this case. He first filed two documents, which were docketed, respectively, as a motion for judicial notice (ECF No. 27) and a reply in support of his Settlement Motion (ECF No. 29). Both submissions were, however, stricken from the Docket as improperly filed on the ground that this case was already closed. *See* ECF Nos. 28, 30.

Presently, Plaintiff argues the Court should have accepted these filings and construed them as a request to reconsider the Order. *See* Mot. for Recons. at 2. To that end, he has attached the previously stricken documents to the instant Motion. *See* ECF No. 31-1.

**DISCUSSION**

Given Plaintiff's pro se status, the Court will accept his Motion and construe it as seeking reconsideration. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

In this District, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." S.D. Cal. CivLR 7.1(i)(1). "In resolving motions for reconsideration, courts often look to the standard for relief from final judgment set forth in Federal Rules of Civil Procedure 59(e) and 60(b) . . . ." *Evanston Ins. Co. v. Venture Point, LLC*, No. 2:20-CV-01783-KJD-EJY, 2021 WL 5500486, at *1 (D. Nev. Nov. 23, 2021). "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling

1  law.'"  *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (emphasis omitted) (quoting
2  *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)).

3        Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of
4  finality and conservation of judicial resources."  *Kona Enters., Inc. v. Est. of Bishop*,
5  229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).  Accordingly, a motion for
6  reconsideration does not provide "another opportunity for the losing party to make its
7  strongest case, reassert arguments, or revamp previously unmeritorious arguments."
8  *Reeder v. Knapik*, No. CIV 07-CV-362-L LSP, 2007 WL 2088402, at *2 (S.D. Cal.
9  July 18, 2007).  Rather, "a court should generally leave a previous decision undisturbed
10 absent a showing that it either represented clear error or would work a manifest injustice."
11 *Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003) (citing
12 *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).  And ultimately,
13 whether to grant or deny a motion for reconsideration is in the "sound discretion" of the
14 district court.  *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003).

15       Having reviewed Plaintiff's recent submissions, the Court sees no grounds for
16 reconsideration here.  Plaintiff relies on the same points he raised in the Settlement Motion,
17 which itself dooms his bid for reconsideration.  *See, e.g.*, *Banks v. ACS Educ. Corp.*,
18 No. 10CV1886 AJB CAB, 2011 WL 3794923, at *1 (S.D. Cal. Aug. 25, 2011) ("Nor does
19 reassertion of arguments already extended and rejected provide an appropriate justification
20 for reconsidering the Court's Order.").  Moreover, Plaintiff's recycled arguments remain
21 as unpersuasive as before.  He principally contends California law "requires a signed
22 settlement agreement," and no such agreement exists here because he was under duress.
23 *See* ECF No. 31-1 at 2–3.  But this thinly veiled attempt at reanimating his rescission claim
24 has no bearing on the Court's prior decision; the Court denied the Settlement Motion's
25 contract claim on jurisdictional grounds, *not* on the merits.  *See* Order at 4–5.

26       More to the point, nothing in the Motion for Reconsideration points to an intervening
27 change in controlling law, constitutes newly discovered evidence, nor suggests the Court
28 committed clear error.  And a motion for reconsideration cannot be granted merely because

Plaintiff is unhappy with the judgment, is frustrated by the Court's application of the facts to binding precedent, or disagrees with the Court's ultimate decision. *See, e.g.*, *Bradford v. Khamooshian*, No. 3:17-CV-2053-BAS-AHG, 2019 WL 5061316, at *3 (S.D. Cal. Oct. 9, 2019) ("[M]ere disagreement with the Court's decision is not sufficient grounds for reconsideration."); *Nat'l Credit Union Admin. Bd. v. Desert Best Enters., L.L.C.*, No. CV-13-01138-PHX-SRB, 2013 WL 12190513, at *1 (D. Ariz. Aug. 23, 2013) ("Motions for reconsideration cannot be used to ask the Court 'to rethink what the court has already thought through,' merely because a plaintiff disagrees with the Court's decision." (quoting *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998))).

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 31). No more filings will be accepted in this closed case.

**IT IS SO ORDERED.**

Dated: August 20, 2024

Hon. Janis L. Sammartino
United States District Judge